May it please the Court. Your Honor, the agency gave no consideration to the petitioner's lack of criminal history. This in and of itself and alone requires that the case be remanded to the agency pursuant to Torres Guzman. An alien's lack of any criminal convictions is always a relevant positive factor for a moral character determination, and neither the IJ nor the BIA said a single word about it in their decisions. So do you think this was an error just in how the agency applied its discretion, or do you think there's an actual legal error here, and if so, what's the legal error? Well, the legal error is that they didn't consider, in my opinion, they didn't consider one positive factor, which is the lack of any criminal convictions, and they did improperly consider one negative factor, which in my opinion is using the investigation by Child Protective Services, where the children were taken out of the home for three days while the investigation was completed after the girl, Sylvia, had an accident. And Child Protective Services found that they didn't do anything wrong at all, and yet in the BIA decision and the IJ decision, that was considered a negative factor. So after ARERA, the Illegal Immigration Reform and Immigration Responsibility Act, we don't have jurisdiction to review this discretionary determination, do we? You don't have jurisdiction to review how the relevant factors are weighed. I believe that you do have jurisdiction to review whether the relevant factors were identified and considered by the agency. So can you point to where in the BIA's decision we can tell that they made a legal error? Well, in two instances. They're required to weigh the relevant factors for making a moral character determination. They didn't weigh the lack of a criminal history at all, and that is clearly a relevant factor in any kind of moral character determination, always has been, always will be. And then they did consider as a negative factor the CPS investigation, which amounted to nothing, which amounted to no finding of wrongdoing at all. And so your jurisdiction is limited here, and the agency does have the right to weigh the relevant factors as it chooses to. But where you see a situation such as this where the relevant factors aren't even properly identified, then you do have jurisdiction to remand the case back to the agency with instructions to properly consider the relevant factors. I guess I'm not really clear on your position here. I thought the main thing that the IJ and the BIA relied on was the false tax returns. They did. They did. That was a negative consideration. Well, yes, okay. And that would be fully sufficient on its own to say that somebody lacked good moral character, wouldn't it? That they cheated the federal government out of money that they weren't entitled to by lying on their tax returns for a period of, I think it was eight years or something like that? I mean, you're right that there are no, I guess there's no criminal convictions for either. But not in the one. Yeah, okay. So you're just saying because the BIA never expressly mentioned that fact? And no investigation or no problem by the IRS with these tax returns. Well, there could have been, though, right? I mean, is there any dispute that there were misstatements on these tax returns and that they got refunds they weren't owed? Not at all. They were inaccurate. So the BIA says, geez, in light of that fact, we don't think you have good moral character. That strikes me as the classic discretionary call that we lack any jurisdiction to review, but absent some constitutional or legal error. And the only thing I've heard you say is that, well, they didn't mention that my clients didn't have a criminal record. That doesn't strike me as a valid basis to disregard jurisdiction. Well, not just mention it, but actually consider it. I mean, how do you know that they had a criminal record against the inaccuracies on the tax return? You know, that was the question. How do you know that? Obviously, they had before them the full record. And so you're assuming that they didn't – I don't know what you're assuming, but all I can hear you say is that, well, they didn't say anything about it, and so therefore they've committed a legal error. And I don't see any basis for assuming that. Well, how can you assume that they did? Well, they said, we agree with the immigration judge that the factors reflecting adversely on the Respondent's moral character outweigh the positive factors in their case and then cite pages of the IJ opinion. So it does sound like they looked at all the factors. Do we have any case that says they need to list them all? They don't have – it's not a question of listing them, but identifying what the relevant factors are and considering them. And a criminal history is always a relevant factor for moral character. How could it not be? I'm sorry, Your Honor. What was your question again? I just don't know how you can tell. I'm wondering where in the BIA opinion you're resting the argument that they made a legal mistake. I'm still not sure because I don't think they need – I don't think we have any case that says they need to list every factor. Well, they don't have to list and make an exhaustive list of every possible contingency, but this is an obvious one. This is one that should always be considered in – that should always weigh to an alien's benefit when he has no criminal convictions and the analysis is about his moral character. The IJ said – The next sentence is, the additional factors raised by Respondents on appeal relate to the issue of hardship and then are not material to the issue of Respondent's moral character. Do you know what factors the agency was referring to when it said the additional factors raised by Respondents on appeal? My guess is that they're referring to hardship factors that were added or put into the appeal brief to the BIA having to do with 212C discretionary factors. So you don't think the sentence the additional factors included criminal history? No, I don't. No, I don't. Criminal history has nothing to do with hardship. Criminal history only has something to do with moral character and the IJ decision doesn't say a single word about criminal history. So you're not saying that that's the sentence that makes the error? I'm saying it's an error of omission, that if an alien is before the immigration judge and the question is the alien's moral character and he has no criminal convictions at all, usually in an immigration hearing that's as far as you need to go on moral character if there's no criminal conviction. Here there were problems with the tax returns, but still that is a factor to be weighed against the inaccuracy in the tax return. And maybe if the IJ had weighed them together, maybe he would have found that the problems with the tax returns outweigh the criminal history. Can I ask this? Before the IJ was the fact that your clients lacked a criminal history, I assume that was put before the IJ? Absolutely. Right. Okay. So then the IJ goes through some weighing process and says I find that the adverse factors outweigh the positive, right? And the BIA then says we agree that the IJ appropriately weighed the foregoing adverse factors against the respondent's evidence of good moral character and came out the right way in our view. You're right that maybe it would have been better for both the IJ and the BIA to explicitly mention that one of the things in favor of good moral character was the lack of any criminal history, but the fact that they didn't mention that doesn't strike me as a legal error. Well, I think you're giving them way too much leeway and letting them get away without performing the proper analysis. You're assuming that they considered the criminal history. Yeah, because you or your counterpart before the IJ put that before. You just said that. But there's not a single word about it. Right, but that's okay. Not a single word about it. You're assuming that they did what they were supposed to do, even though it's a glaring obvious thing that should always be considered and they don't say a single word about it. I'm assuming that when an adjudicator is asked to weigh good versus bad and the good and the bad are put before that person and they say I've weighed the good versus the bad and I think the bad outweighs the good, that yes, I think that they generally can assume that they've considered everything. All adjudicators, this particular immigration judge in this particular case, you can make that assumption. Why not? Well, but there are – I mean, are we going to carry that over to – No, no. I'm just saying your assumption is what? That even though that fact, and it's highly relevant, as you're stressing today, and I believe you, that fact is put before the adjudicator and when it comes time to do the weighing, the adjudicator just completely forgot about it and so that's why we know or should assume that they didn't do their job right? You're assuming that he forgot about it instead of making a mistake. And you're assuming that the BIA forgot about it instead of making a mistake. The only way to be sure is to remand the case back  Okay. So do we have a – do we have case law that says, that imposes this explicit listing, you know, or mentioning type requirement that you're asking us to impose? Because that's all that, to me, I think the tax stuff is enough. And I understand why the – I mean, maybe I wouldn't have given that that much weight, but I think a reasonable adjudicator could say, even if you don't have any criminal convictions, this conduct is bad enough for me to say that you have – you lack good moral character. But now you're exercising your discretion in saying that the tax problems outweigh everything else. That's the IJ's. I'm not – I just told you. I don't know if I had been sitting in the IJ's shoes if I would have come to that conclusion. There are a lot of positive equities, I assume, in your client's favor that I don't know about. But when I get a record that says no criminal history but eight years of tax cheating and the adjudicator whose discretion I have to defer to says I think that outweighs the lack of – or all of the positive equities, I'm not in a position to say that's wrong. Now, you're saying because they didn't specifically mention the one positive equity that you think is the most important that we should assume that they didn't adequately take it into account and we should send it back for them to do it all over again. And I'm just asking, do we have a case that actually says if the IJ and the BIA fail to mention the specific positive equity that we assume that they didn't take into account and they have to do it over again? The Torres-Guzman case says that all positive relevant factors in favor of the alien should be considered. We don't know that that was done. We don't know because neither the IJ decision nor the BIA decision say that it was done. And I think the whole point of that decision is to ensure that they actually perform the analysis. Even if this court doesn't have jurisdiction to make the discretionary decision on this itself, it has to ensure that the discretionary decision made by the agency is actually done and actually considers all the relevant factors. Okay. All right. We'll give you a little bit of time for rebuttal. Thank you. Thank you, Your Honor. Let's hear from the government. Good morning, Your Honors. Attorney Sabatino F. Leo on behalf of the United States Attorney General. It is clear that under INA 242A2BI that this court lacks jurisdiction over discretionary determination of good moral character under 101F of the Immigration Nationality Act. Right. And your opponent's not contesting that fact. He's just saying that there should be a legal requirement that the adjudicator in this instance at least make some explicit mention of a highly relevant positive equity, and that wasn't done here. And so we should declare as a legal matter there was error and send it back. What's wrong with that position? Well, Your Honor, what I hear from Petitioner, not only Petitioner's brief, but also in Petitioner's argument are a lot of words like weighing and factors and discretion and leeway. And all that adds up to is a discretionary determination. And what this court has said, and even under Torres, Torres does not, and Torres which predates IRERA, as Your Honor had stated initially with regard to the discretionary stripping of jurisdiction. And what Torres says is a weighing of the positive and negative factors. And what is abundantly clear in this particular case, and I've seen many agency decisions, and what is abundantly clear from this particular decision is that the agency was clear on the record weighing the negative factors and positive factors. There is no requirement. So I actually have a concern that seems to not be your opposing counsel's concern about this opinion by the BIA, because it says that there were additional factors raised by Respondents on Appeal, and those included the lack of criminal history. And then the BIA says those are not material to the issue of the Respondent's moral character. So if that sentence is referring to the lack of criminal history, then I think that is wrong, isn't it, to say that the lack of criminal history raised on appeal is not material to the issue of Respondent's moral character? Well, I think with respect to what Petitioner raised on appeal was with regard to we didn't have a criminal history, as well as all these additional hardship factors. But I think what the BIA is saying here, remember, the BIA adopted and affirmed the IJ's determination, which is under Bourbano, which is basically saying, hey, we are embracing the immigration justice system. But the IJ didn't. He's right that the IJ didn't mention the lack of criminal history. And so then on appeal, one of the things they said is we have a lack of criminal history. And so I am worried about whether this sentence is referring to that and making a mistake, saying it's not relevant. I don't particularly read it that way. I read it in the sense of saying that in looking at the determination made by the immigration judge that we've now adopted and affirmed, that the agency, I think, and as Your Honor, in the case of Lopez v. Ashcroft, there is no specific requirement that this particular agency indicate everything. Right. But the agency has to understand what is relevant and what isn't. And so if the agency made a mistake about what could be relevant, what's legally relevant, then that sounds like a legal error. So can you explain what you think that sentence means? Could you, could you? So the sentence is, the additional factors raised by the Respondents on appeal relate to the issue of hardship or whether relief is warranted in the exercise of discretion and are not material to the issue of the Respondent's moral character. It's the sentence. Yeah, I'm reading it. But my understanding, and my understanding is specifically with regard to Petitioner's assertion here, was that those hardship factors, the additional factors raised by the Respondents on appeal, were specifically relating to the hardship determination, i.e., the autism, i.e., the where, what would happen to the two particular children if they left and not in particular framing the issue for purposes of lack of criminal conviction. I just don't see that. I don't, I don't see that in that particular sentence. And that's not how I read that particular sentence at all, because it says the additional factors raised by Respondents on appeal relate to the issue of hardship and based on. Or whether relief is warranted in the exercise of discretion and are not material to the issue of Respondent's moral character. It's just, it's an odd sentence. It's not, and I concur, it's not the greatest sentence in the world, but I think for purposes of hardship, and I think if one takes the opportunity and time, it's in the record to read Petitioner's brief, Respondent's brief, obviously, on appeal before the agency, Respondent highlights a great deal of the hardship determination and a hardship determination. What I think what the, what Respondent or Petitioner now conflates is that they're saying, well, they didn't talk about hardship. Look at all the hardship that my children, Sylvia, and my son are going to face in the event that we leave. Our son suffers from autism, et cetera. And that in and of itself should have been considered, but. Well, I think that's not the argument he's making today. I mean, I think that was considered, right? I think he's making a different argument today, which is that they didn't consider the lack of criminal history. And again, as I will hearken back to what specifically is in the record, it is clear from the record that the lack of criminal history was addressed to the immigration judge. And I will also add. Addressed by or addressed to? Addressed to the immigration judge. But there's no requirement under any case law, Torres included, that sets forth that the lack of criminal conviction in and of itself renders you having good moral character. In fact, what the legislature did here was a wonderful thing, right, is they set forth these per se factors and then they submit it and they say, okay, there's also a catch all because this is relatively amorphous. We need to understand what good moral character is. And sometimes they come up and the IRS maybe didn't do its job in this particular case and didn't prosecute these individuals. But these all, as Your Honor has indicated, impact good moral character. And we have eight plus years of falsification of tax returns. Nothing in the particular statute, that section that is being referred to, the catch all provision on the 101F of the Immigration and Nationality Act, sets forth any requirement that there be a conviction or there be a lack of conviction. And that's what's great in this particular case. But they have been better off if they hadn't filed tax returns? I think they would have been better off had they filed tax returns honestly and not have cheated the government out of money for, as Your Honor has indicated, for eight plus years. I mean, number one, they're required to file tax returns under the law. That is correct. So they would be violating the law by not filing tax returns. So that may have very well played into a good moral character analysis as well. A. And B, to suggest that they would be better off by breaking the law a little bit instead of breaking the law a lot. And I'm not suggesting that there's a legal requirement here for a conviction would somehow render them in a better light or better scenario. I would disagree because failure to file tax returns could also be, because again, under 242A2BI, this is why we're here. Like, we're peeking right now behind the apron or behind the curtain, the apron, behind the curtain. And we're trying to peek. And what the legislature said is because of this, because of this discretion, and we're entrusting the Attorney General of the United States of America with this discretion, that it's really not appropriate for this court to sort of peek behind the curtain because this is what we're doing. We're having a trial within a trial, so to speak. We're now rehashing the positive and negative factors that were considered by the agency when the agency, when the legislature has already said, judicial branch, you're not to get involved in the weeds here. And what I hear on argument, as well as in Petitioner's briefing to this Court, is a lot of discretionary arguments, a lot of weighing factors. Yes, Your Honor. You're right. I mean, we're not supposed to get into the weeds in terms of the discretionary weighing of good versus bad. But if, for example, the IJ had said the Petitioner's respondents below have put a lot of weight on the fact that they lack any criminal history, but I'm convinced that that's actually not an appropriate factor to even put into the weighing of good versus bad, right? That would be a legal error that we would have jurisdiction to correct, right? It's an interesting question, Your Honor, because what you're suggesting is that a particular decision by the agency, and that would somehow. Not failure. Refusal to consider, saying this argument is being made and we're not putting this into the mix of good and bad. I would say that that would be a better argument than we have here today. I think that's what he's, your opponent is arguing. And let me just hear your response. What he's saying is that I look at the IJ decision, and I'm just looking at, this is page four of the decision, right? And so the IJ has gone through a page and a half of all the negative things that arise from the tax cheating, and that's certainly a negative equity. Then the court, then the judge says, the court has considered other factors in its assessment of the good moral character issue. And it goes on to start talking about the positive things, right? But then ultimately concludes, on balance, I think the negative outweigh the positive. And what's not mentioned in the recitation of the positive is any mention that they lack a criminal, any criminal history. And I think your opponent's argument is that we have no assurance here that the IJ understood that it, that needed to be taken into account. And I think I can answer your question in two parts. I think, number one, there's no case law in this jurisdiction or any other jurisdiction with regard to 101F and the weighing of factors under the catch-all provision that criminal, that, that, that, these are the factors. A through Z are the factors you must consider. There's no case law that states that whatsoever with regard to 101F, number one. Number two, under this Court's case law, and I cite it all the time in all my briefs and it, and it helped, in an attempt to help me, is that under Lopez v. Ashcroft it says, hey, the, the, the agency doesn't have to write an exegesis, right? It doesn't have to write this legal lengthy brief that it's taken into account all this information because we rely, as Your Honor has indicated, that they have, in fact, relied on the information that was put forth there. Phillips. Right. But, but I'm just saying, maybe you disagree with this. Your opponent says that in most cases the lack of criminal history is by far and away, it's almost dispositive of, in favor of good moral character, right? So if that's the most important of the positive equities and the I.J. proceeds to list a series of things that it's throwing into the mixed away and it doesn't mention that one, are we to assume that the I.J. in fact understood that, no, that actually does count as a, in favor of good moral character? I think, yes, you are by this case court, case law required to assume that they did take, that he, that the immigration judge in the agency took that into account, number one. And number two, I think I disagree that saying that the lack of a criminal conviction is the most important factor as a situation where somebody could be a bad father or a bad parent or a bad individual and have no convictions and all of a sudden be, we come to the determination that this individual has good moral character almost making a leap of lack of conviction equals good moral character. And that's not what the legislature says here, and that's not what the court, at least this particular court's case law says. And I think what's, I think what's important here is under the INA 242a2bi, this is a discretionary determination that is beyond the jurisdiction of this particular court, and I think the court should dismiss the petition for review, and I thank Your Honors for your time. Oh, I'm sorry. I hate to introduce a possible fly in the ointment here, but both of you are, and we, are understanding the term criminal history in a very narrow sense, which is there's no criminal convictions. But there was criminal history here in a broader sense. There was criminal conduct, cheating on tax returns. I see. And the IJ did recognize and find that there was cheating on tax returns. So the fact that the IJ found that there was criminal conduct and spent a lot of time talking about criminal conduct, and that the BIA spent a lot of time talking about criminal conduct, wouldn't your argument be that, of course, the IJ and there were no criminal convictions, because the criminality was front and center of both the IJ's opinion and the BIA's opinion? Well, yes, as Your Honor so eloquently put, of course, I would. I don't think it was that obvious. With regard to that particular fact, and it makes complete sense in looking at it in a sort of a three-dimensional fashion, yes, I mean, in that particular, there was criminal conduct. What I fear, though, is when we talk about criminal convictions is I do not want, as a representative of the Attorney General here, to suggest that we are now inserting into this good moral character language the requirement, lack of a conviction or existence of a conviction. That was my only concern. But I do agree wholeheartedly with Your Honor's assessment of that particular argument, and I've gone over my time, and I thank you all dearly. Thank you. Thank you, counsel, for your argument. Let's give you two minutes for rebuttal, if you have something more to say. Thank you, Your Honor. Statute entrusts the Attorney General with the discretion to weigh the relevant factors. It does not equate to a complete lack of restriction in selecting what the relevant factors are. That part is subject to judicial review by this Court. I think we're doing an awful lot of speculating on what the I.J. considered, what he didn't consider. I'm just going by what did he write in his decision? What did the BIA write in their decision? That's what we have to go by. And why don't we send the case back and have him actually do the evaluation, and if he comes back the same way, well, that's his discretionary decision to make. But there is nothing in either one of those decisions to indicate that he properly considered the factor that neither of these respondents has ever been convicted of anything. But it seems that you're basically asking us to check the I.J.'s homework and give him a bad mark or her a bad mark because he or she didn't use those words. But can't, to the point I made to your colleague at the other table, can't we very clearly and confidently infer that the I.J. knew very well and considered the fact that there were no criminal convictions, and we can infer that from the fact that the I.J. and the BIA were talking at length about criminal conduct? I don't think so, because like was mentioned earlier, there is no evidence that the there is a list that he makes of positive factors, a short list of positive factors. The fact that he mentioned those but didn't mention the most important factor in favor of the respondents, I can only infer from that. And the most important factor is the petitioners committed a crime but weren't convicted of it, and that somehow is going to tilt the balance, tilt the equities from a negative result to a positive result? They weren't charged with it. The immigration judge has no expertise in tax matters, neither does the agency. You don't need expertise in tax matters to know that you can't claim dependents that don't exist. You don't need expertise in tax matters to know that you can't claim married status when you're not married. But in evaluating their moral character, it should be considered, should be evaluated whether these are master criminals or whether we are dealing with someone who has no education at all, a husband who has a third grade education, the husband is a dishwasher, the wife works at McDonald's. They went to tax preparers to ask for their advice. I don't think we can patronize a dishwasher and suggest that a dishwasher wouldn't know whether he or she had children and whether it's appropriate or not to list children on a tax return that you don't have. I think that all of us, whether we're judges or nuclear scientists or dishwashers, know that. Well, for example, they claimed that they were married on their tax returns before they were actually married, while they were living together but before they were actually married, and they were asked, why did you do that? And they said, well, we went to the tax preparer and he told us that since we're living together more or less as man and wife, that we should do it that way. And he was asked, well, did you know that you weren't really married? Well, yeah, but they relied on someone who supposedly knew the tax code to do their taxes this way. What about the fake kids? Yeah, that's a problem. It's definitely a problem. But conflating that into an analysis of their entire criminal history, which is basically zero, I don't think that you can do that and I don't think that you should extend that kind of, you should just assume that the immigration judge and the BIA perform the proper analysis. The only way to know for sure that they perform the proper analysis is to see them perform it. Okay. Thank you, counsel. Thank you, your honors. The case just argued will be submitted. We will retire to discuss this case and then students, we promise, we will be back out very shortly to chat with you all. Okay? Be back in a minute. Thank you. Thank you.
judges: Watford, Friedland, Feinerman